IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ANTHONY VINSON, | ) | Case No. 1:16 CV 2122 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHARLOTTE JENKINS, WARDEN, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.    Introduction

Petitioner Thomas Vinson has filed in this Court a *pro se* petition for writ of habeas corpus (ECF Doc. No. 4) and amended petition (ECF Doc. No. 6) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in *State v. Vinson*, Case Nos. CR-08-510704-A and CR-08-510705-A.  Respondent Charlotte Jenkins[1] has moved to dismiss the petition on the ground that it is time-barred by the statute of limitations.  ECF Doc. No. 11.  Vinson opposed the motion, asserting that the statute of limitations was equitably tolled during a time he was too medicated to pursue his rights. (ECF Doc. No. 15). The warden replied. (ECF Doc. No. 16).

Because Vinson's claims are barred by AEDPA's statute of limitations and no grounds for tolling the statutory limitations period exist, I recommend that the Court GRANT Respondent's motion to dismiss.

---

[1]  Charlotte Jenkins is the warden of the Chillicothe Correctional Institution, where Vinson is incarcerated.  ECF Doc. No. 11 at Page ID# 61.

## II.      Relevant State Procedural History

### A.      Trial Court

On December 4, 2007, a Cuyahoga County grand jury indicted Vinson in Case No. CR-07-504036-A on one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(2), and one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(3), for an offense committed on November 3, 2007.  ECF Doc. No. 11-1 at Page ID# 81.  On December 14, 2007, the Grand Jury indicted Vinson in Case No. CR-07-504721-A on one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1), and one count of robbery, in violation of Ohio Rev. Code § 2911.02(A)(2), for an offense committed on December 5, 2007.  ECF Doc. No. 11-1 at Page ID# 82.  Vinson pleaded of not guilty to all charges in both cases.  ECF Doc. No. 11-1 at Page ID# 83, 84.

On February 1, 2008,a Cuyahoga County grand jury indicted Vinson in Case No. CR-08-506296-A on two counts of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications; two counts of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(3) with firearm specifications; and two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(1) and/or (A)(3) also with firearm specifications.  ECF Doc. No. 11-1 at Page ID# 85-87.  These charges also related to the offenses committed on December 5, 2007. ECF Doc. No. 11-1 at Page ID# 85-87.  Vinson again pleaded not guilty to all charges.  ECF Doc. No. 11-1 at Page ID# 88.

On February 5 and 6, 2008, the trial court referred Vinson to the court psychiatric clinic to determine his competency and sanity in regard to all three cases.  ECF Doc. No. 11-1 at Page ID# 89, 90, 91.  The trial court conducted a hearing on the matter on February 29, 2008, at which the court psychiatric clinic reported its finding that Vinson was sane at the time of the alleged

2

offenses and competent to stand trial.  ECF Doc. No. 11-1 at Page ID# 92, 93.  Vinson's counsel did not accept the findings and orally moved for an independent psychiatric examination, which the court granted.  ECF Doc. No. 11-1 at Page ID# 92, 93.  On May 12, 2008, the trial court conducted a hearing at which the defense stipulated to the independent psychologist's findings that Vinson was competent to stand trial and sane at the time of the alleged crimes.  ECF Doc. No. 11-1 at Page ID# 94, 95, 96.  In addition, the State informed the court at the hearing that it intended to re-indict Vinson.  ECF Doc. No. 11-1 at Page ID# 94, 95, 96.

On May 20, 2008, Vinson's Case No. CR-07-504036-A was re-indicted under Case No. CR-08-510704-A on two counts of robbery, in violation of Ohio Rev. Code § 2911.02(A)(2) and (A)(3).  ECF Doc. No. 11-1 at Page ID# 97.  Also on that day, Case Nos. CR-07-504721-A and CR-08-510705-A were combined under Case No. CR-08-510705-A, in which Vinson was re-indicted on the following eleven counts:  three counts of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications; four counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2), three of which carried firearm specifications; one count of robbery in violation of Ohio Rev. Code § 2911.01(A)(3); two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(2) with firearm specifications; and one count of receiving stolen property, in violation of Ohio Rev. Code § 2913.51(A).  ECF Doc. No. 11-1 at Page ID# 98-102.  The prior cases were dismissed upon the re-indictments.  ECF Doc. No. 11-1 at Page ID# 103, 104, 105.  Vinson pleaded not guilty to all charges in both cases.  ECF Doc. No. 11-1 at Page ID# 106, 107.

Following plea negotiations, on June 23, 2008 Vinson withdrew his former pleas of not guilty in both cases.  ECF Doc. No. 11-1 at Page ID# 108, 109.  He then pleaded guilty to attempted robbery in Case No. CR-08-510704, and to aggravated robbery with a three-year

firearm specification, aggravated robbery with a one-year firearm specification, and robbery in Case No. CR-08-510705.  ECF Doc. No. 11-1 at Page ID# 108, 109.  The court dismissed the remaining counts at the request of the state.  ECF Doc. No. 11-1 at Page ID# 108, 109.

On July 17, 2008, the trial court sentenced Vinson to a term of twelve months for the attempted robbery charge in Case No. CR-08-510704-A.  ECF Doc. No. 11-1 at Page ID# 110. In Case No. CR-08-510705-A, it sentenced Vinson to a term of seven years for aggravated robbery plus a three year consecutive term on the firearm specification; an additional seven year term for aggravated robbery with a consecutive year on the firearm specification merged with the three-year term on the prior firearm specification; and a six year term for robbery.  All of the prison terms in the second case were ordered to be served consecutively, for an aggregate sentence of twenty-three years.  ECF Doc. No. 11-1 at Page ID# 111.  However, the sentences in the two cases were to be served concurrently.  ECF Doc. No. 11-1 at Page ID# 110.  The judgments of conviction were journalized on July 21, 2008.  ECF Doc. No. 11-1 at Page ID# 110, 111.  Vinson filed no timely direct appeal.

### B.    Delayed Direct Appeal

More than twenty months later, on March 23, 2010, Vinson filed *pro se* an untimely notice of appeal and motion for delayed appeal in the Ohio Court of Appeals.  ECF Doc. No. 11-1 at Page ID# 112-42.  The appellate court denied the motion and dismissed the case on March 25, 2010.  ECF Doc. No. 11-1 at Page ID# 143-44.  Vinson did not appeal that decision to the Ohio Supreme Court.  *See* ECF Doc. No. 11-1 at Page ID# 311.

4

C.      **Post-Conviction Proceedings**

1.      **Motion to Withdraw Guilty Plea**

On December 15, 2011, Vinson moved the trial court for leave to withdraw his guilty

pleas in both cases, claiming ineffective assistance of trial counsel for failing to investigate his

case and for advising him to plead guilty.  ECF Doc. No. 11-1 at Page ID# 145-51.  The State

opposed the motion.  ECF Doc. No. 11-1 at Page ID# 152-58.  The trial court denied the motion

on January 24, 2012.  ECF Doc. No. 11-1 at Page ID# 159.  Vinson did not appeal the court's

judgment.

2.      **Motion for Resentencing**

On July 21, 2014, Vinson filed a *pro se* motion for resentencing in the trial court.  ECF

Doc. No. 11-1 at Page ID# 161-65.  Vinson claimed that he was entitled to resentencing because

his indictments were defective and the trial court should have found him incompetent.  See ECF

Doc. No. 11-1 at Page ID# 162-63.  The State opposed the motion.  ECF Doc. No. 11-1 at Page

ID# 166-71.  The court denied the motion on August 5, 2014.  ECF Doc. No. 11-1 at Page ID#

172.

On September 3, 2014, Vinson filed a timely *pro se* notice of appeal to the Ohio Court of

Appeals.  ECF Doc. No. 11-1 at Page ID# 174-81.  His appellate brief raised two assignments of

error:

1.      Defendant-Appellant, Thomas A. Vinson[,] argues that his [a]ggravated
[r]obbery conviction must be reversed on the basis of State v. Colon, 188
Ohio St. 3d 26, 2008-Ohio-1624, 885 N.E.2d 917[] (hereinafter Colon I.
Vinson argues that Colon I applies to his [a]ggravated [r]obbery conviction
under [Ohio Rev. Code §] 2911.01(A)(3), because that  division is
analogous to robbery under [Ohio Rev. Code §] 2911.02(A)(2).

2.      Defendant-Appellant was denied [d]ue [p]rocess of [l]aw because there was
no determination of his competency after being referred for (2) two

5

> competency evaluation[s].  No competency hearing was ever held pursuant
> to [Ohio Rev. Code §] 2945.37(B)[,] (C).  Thus violating all standard[s] of
> the Ohio Constitution and United States Constitution. Section 10, Article
> I[,] Ohio Constitution, Section 16, Article I[,] Ohio Constitution.

ECF Doc. No. 11-1 at Page ID# 187-88.

On April 30, 2015, the Ohio Court of Appeals affirmed the judgment of the trial court.

ECF Doc. No. 11-1 at Page ID# 248-55; *State v. Vinson*, 2015 WL 1961358 (Ohio Ct. App. Apr.

30, 2015).  On May 28, 2015, Vinson filed a *pro se* notice of appeal to the Ohio Supreme Court.

ECF Doc. No. 11-1 at Page ID# 256-65.  His memorandum in support of jurisdiction asserted

two propositions of law:

1. Was the Defendant denied a fair opportunity to contest a void indictment which did and failed to charge a necessary mens reas [*sic*] element of recklessness for alleged aggravated robbery, and thereby creating an [*sic*] structurual [*sic*] error analytical foundation this honable [*sic*] court to review?

2. Was the Defendant denied due process based on a lack of competency determination; when only each psychological report was submitted and no actual competency hearing was held pursuant to Ohio Revised Code [§] 2945.37?

ECF Doc. No. 11-1 at Page ID# 267 (capitalization altered).  The Supreme Court declined

jurisdiction on August 26, 2015.  ECF Doc. No. 11-1 at Page ID# 289, 315.

### 3.     Motion to Vacate Void Sentence

On January 6, 2016, Vinson, filed a *pro se* "Motion to Vacate Viod [*sic*] Sentence and

Court Cost[s] pursuant to Ohio Revised Code [§§] 2929.18 and 2929.19(B)(5)," in the trial court,

seeking to have court costs waived.  ECF Doc. No. 11-1 at Page ID# 316-22.  The court denied

the motion on January 28, 2016.  ECF Doc. No. 11-1 at Page ID# 327, 329.

On March 2, 2016, Vinson filed a *pro se* motion for delayed appeal in the Ohio Court of Appeals.  ECF Doc. No. 11-1 at Page ID# 331-43.  The appellate court *sua sponte* dismissed the appeal on March 10, 2016.  ECF Doc. No. 11-1 at Page ID# 314.  Vinson did not appeal the appellate court's judgment to the Ohio Supreme Court.  *See* ECF Doc. No. 11-1 at Page ID# 314.

## III.    Federal Habeas Corpus Petition

Vinson filed his *pro se* petition for writ of habeas corpus in this Court on August 24, 2016.[2]  ECF Doc. No. 4.  In his petition, he raises the following two grounds for relief:

1.      Supporting Facts: In Petitioner's original indictment the essential element of reckless[ness] was omitted, thus creating an unconstitutional and void indictment violating [d]ue [p]rocess of [l]aw – [t]hroughout Petitioner's criminal proceedings the State of Ohio was given an opportunity to correct or amend such a void indictment creating a manifest injustice. Stated simply, Petitioner was not given fair or just notice of what to defend against – leaving Petitioner in the dark.  Recklessness is an [*sic*] culpable mental state and without such aspect of the mens rea dictate in the original indictment it is void in all regards.[3]

2.      Failure to conduct a competency hearing[.]

Supporting Facts: In February 2008, the trial court referred Petitioner to the court psychiatric for a competency and sanity evaluation.  During which time it was only stipulated on the record as to the findings of the competency report submitted to the trial court, no actual competency hearing was held.  Absent was the psychiatric personnel whom [*sic*] conducted the competency examination.  No one was subpoena[ed] to testify as to which test[s] were conducted and how thier [*sic*] conclusion was rendered and reach[ed] as far as Petitioner's competency and sanity.  Ground Two reflects both competency evaluation and lack of a competency hearing.  Independent psychologist's Dr. James Karpawich findings were never discussed with Petitioner and with further investigation the trial court, assigned

---

[2] Vinson initially filed a motion for leave to proceed *in forma pauperis*, with an attached petition and civil cover sheet, in the District Court for the Southern District of Ohio on August 24, 2016.  ECF Doc. No. 1.  The Southern District Court transferred the action to this Court that same day.  ECF Doc. No. 2.
[3] Although Vinson set forth "Supporting Facts" in regard to GROUND ONE of his petition, he actually wrote nothing in the blank under the heading for the first ground.

counsel and those conducting all evaluation's [*sic*] and examination[s] would have concluded that there was [*sic*] issues.

ECF Doc. No. 4 at Page ID# 37, 39.

Vinson moved to amend his petition on September 16, 2016.  ECF Doc. No. 6.  The court granted leave to amend on October 3, 2016 (ECF Doc. No. 7), resulting in the following restated Ground Two:

The Defendant at trial must be able to assist in his own defense at trial and with the question of whether he may do so having never been established through his competency at trial denies the [D]efendant rights governed by the 6th and 14th Amendments of the United States Constitution.

ECF Doc. No. 6 at Page ID# 50.

Respondent warden moved to dismiss the amended petition on February 9, 2017.  ECF Doc. No. 11.  Vinson filed a brief in opposition to Respondent's motion (ECF Doc. No. 15), to which Respondent replied (ECF Doc. No. 16).

Vinson filed a motion for discovery on February 21, 2017 (ECF Doc. No. 12), which Respondent opposed (ECF Doc. No. 13).  The undersigned denied Vinson's motion for discovery on March 20, 2017.  ECF Doc. No. 17.

## III.    Law and Analysis

Respondent has moved to dismiss Vinson's habeas petition, arguing that it is time-barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  ECF Doc. No. 11.

### A.    The AEDPA Statute of Limitations

Under AEDPA, a state prisoner must file a habeas corpus petition within one year from the latest of four circumstances:

(A)  the date on which the [state-court] judgment became final by the conclusion of direct  review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Respondent contends that Vinson's limitations period was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." under § 2244(d)(1)(A), but he did not file a timely petition within the prescribed one-year period.  ECF Doc. No. 11 at Page ID# 68.  Vinson does not dispute that § 2244(d)(1)(A) applies here, but argues that his petition is timely under the provision because he filed it within one year from the last decision of the Ohio Supreme Court in his case, which was issued on August 26, 2015.  ECF Doc. No. 4 at Page ID# 46; ECF Doc. No. 15 at Page ID# 358.  In that judgment, Ohio's high court declined jurisdiction over the trial court's denial of his motion for resentencing.  ECF Doc. No. 11-1 at Page ID# 289, 315.

Vinson is mistaken.  The AEDPA limitations period is triggered "by the conclusion of *direct review*" of the judgment.  28 U.S.C. § 2244(d)(1)(A) (emphasis added).  Direct review refers to the *initial* appellate review process by which a defendant *directly* attacks a judgment of conviction and sentencing.  Vinson refers to the review of his motion for resentencing, a

9

*collateral* attack that he initiated in the trial court *subsequent* to, and apart from, his direct appeal. *See* ECF Doc. No. 11-1 at Page ID# 289, 315.

Here, the trial court sentenced Vinson in both cases (CR-08-510704-A and CR-08-510705-A) on July 17, 2008, and the court's sentencing judgments were journalized on July 21, 2008.  ECF Doc. No. 11-1 at Page ID# 110, 111.  Under Ohio law, he had thirty days from the date of the journal entry of sentencing within which to file a direct appeal.  Ohio R. App. P. 4(A); Ohio R. Crim. P. 32(C); *State v. Baker*, 119 Ohio St. 3d 197, 199 (2008) ("Journalization of the judgment of conviction pursuant to Crim. R. 32(C) starts the 30-day appellate clock ticking.").  Vinson did not file a timely direct appeal, so his conviction became final on August 20, 2008.

The AEDPA statute of limitations in 28 U.S.C. § 2244(d)(1)(A) began to run the next day, August 21, 2008.  *See* Fed. R. Civ. P. 6(a)(1) ("In computing any time period . . . exclude the day of the event that triggers the period."); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (applying Rule 6(a) standards to computation of time for § 2244(d) statute of limitations purposes).  Because Vinson did not challenge his convictions or sentences in any form in state court during the following year, the AEDPA statute of limitations expired one year later, on August 21, 2009.

Vinson did not file his federal habeas petition until August 24, 2016 – more than seven years after the AEDPA statute of limitations expired.  Unless the expiration of the statute of limitations was tolled, Vinson's habeas petition is time-barred.

**B.      Statutory Tolling of AEDPA's Statute of Limitations**

The AEDPA has a statutory tolling provision, which, under specific circumstances, extends the one-year statute of limitations.  Under § 2244(d)(2), the time during which a properly

filed application for state post-conviction or other collateral relief is pending tolls the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).  The state-court petitions and applications, however, must be both "pending" and "properly filed" in order to stop the running of the AEDPA limitations period.  *Id.*  Untimely motions are not deemed "properly filed" and do not stop the one-year clock.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  This is so even when there are exceptions to a state timely-filing requirement, such as Ohio Appellate Rule 26(B)'s "good cause" exception to its filing deadline for reopening applications.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).  Thus, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).  Finally, AEDPA's statutory tolling "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Winkfield v. Bagley*, 66 Fed. Appx. 578, 581 (6th Cir. 2003).

As Respondent argues, although Vinson filed numerous collateral actions in state court, he filed nothing during his AEDPA limitations period between August 21, 2008 and August 21, 2009.  Thus, none of AEDPA's statutory tolling provisions stopped the expiration of the limitations period, and it expired on August 21, 2009.

### C.    Equitable Tolling of the AEDPA Statute of Limitations

The AEDPA statute of limitations can be tolled on equitable grounds in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).  "[A]lthough 'the party asserting statute of

limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649.

Vinson has not demonstrated that he was diligent in pursuing his claims in either the state courts or in this court.  Most significantly, he did not file anything in this court until *eight years* after his AEDPA limitations period began to run.  *See Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) ("[I]n order for equitable tolling to apply, the petitioner must diligently pursue habeas relief.").  And he clearly did not pursue his state-court remedies in a timely manner.  Vinson filed no timely direct appeal of his conviction, and the state appellate court denied his motion for a delayed appeal.  Vinson chose not to appeal that ruling.  Then, more than three years after his conviction, Vinson filed the first in a succession of post-conviction, collateral motions.  But they, too, were unsuccessful, and he sought timely appellate review of only one of them.

Vinson explains that he was "too heavily medicated" to file proper appeals.  ECF Doc. No. 15 at Page ID# 358.  The Sixth Circuit has held that mental incompetence that prevents the timely filing of a habeas petition is an "extraordinary circumstance" that may equitably toll AEDPA's statute of limitations.  *Ata*, 662 F.3d at 742.  But to obtain equitable tolling based on mental incompetence, a petitioner must demonstrate that he is mentally incompetent and his mental incompetence caused his failure to comply with the AEDPA's timeliness requirements.  *Id*.  "[A] blanket assertion of mental incompetence is insufficient to toll the statute of

limitations.  Rather, a causal line between the mental condition and untimely filing is required." *Id*.

Vinson provides little evidence to support his claim of over-medicated mental illness. He explains, "It wasn't until petitioner was given lesser medications, was he able to then pursue some form of remedies [i]n [t]he Court's [*sic*] , which are the [i]ssues that started in December of 2011."  ECF Doc. No. 15 at Page ID# 358.  He also submits a photocopied page from an unidentified medical source (perhaps a guide to medications), listing the names of numerous drugs whose names begin with the letter Z.  ECF Doc. No. 15-1 at Page ID# 360.  The brand name of one drug, ziprasidone, is underlined.  ECF Doc. No. 15-1 at Page ID# 360.  According to this source, ziprasidone is an antipsychotic agent used to treat schizophrenia, acute manic or mixed episodes associated with bipolar disorder, and acute agitation in patients with schizophrenia.  ECF Doc. No. 15-1 at Page ID# 360.

However, even if the undersigned were to assume, for the sake of argument, that Vinson has demonstrated that he is entitled to equitable tolling on the ground he was over-medicated, Vinson still cannot establish a right to equitable tolling to make his federal habeas petition timely.  By Vinson's own account, he was properly medicated and, therefore, no longer impeded from pursuing legal action by December 2011.  On that date he filed his motion to withdraw his guilty pleas in the trial court.  ECF Doc. No. 15 at Page ID# 358; ECF Doc. No. 11-1 at Page ID# 145-51.  Equitable tolling, therefore, would have ceased at that time.  Statutory tolling, however, would have kicked in and stopped Vinson's AEDPA limitations clock from beginning to run while the state post-conviction proceeding was pending.  28 U.S.C. § 2244(d)(2).  That matter was pending until Vinson's thirty days in which to appeal the trial court's January 24, 2012, denial of the motion expired on February 23, 2012, with no appeal filed.  Ohio R. App. P.

4(A).  The AEDPA statute of limitations on Vinson's habeas petition then would have started to run the following day, February 24, 2012, and expired one year later, on Monday, February 25, 2013.  Fed. R. Civ. P. 6(a)(1).

But Vinson filed nothing in state or federal court after the state-court judgment on his motion to withdraw his guilty pleas became final until he filed his motion for resentencing in the trial court on July 21, 2014 – 512 days past the AEDPA deadline for filing a federal habeas petition.  Thus, even if the undersigned were to find that the AEDPA statute of limitations was equitably tolled during the period when Vinson claims he was over-medicated and unable to commence timely proceedings in state and federal courts, he still did not file his federal habeas petition within the one-year limitations period once the tolling of the AEDPA limitations period ended.

## D.    Actual Innocence Exception to AEDPA's Limitations Statute

Finally, habeas petitioners may be entitled to an equitable exception to the AEDPA statute of limitations under the "actual innocence" or "miscarriage of justice" gateway to federal habeas review set forth in *Schlup v. Delo*, 513 U.S. 298 (1995).  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  "[T]enable actual –innocence gateway pleas are rare," however, as a petitioner "'must persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id*. (quoting *Schlup*, 513 U.S. at 329).  Actual innocence claims must be supported by "new reliable evidence" that demonstrates factual innocence, not merely the legal insufficiency of the conviction.  *See Schlup*, 513 U.S. at 324; *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Vinson has not offered any new evidence to show he is "actually innocent" of the crimes for which he was convicted either in his opposition brief to Respondent's motion to dismiss or in

14

his habeas petition.  The actual innocence exception to AEDPA's limitations statute, therefore, is inapplicable.  Vinson's petition is untimely.

### E.     No Certificate of Appealability Should be Granted

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 485, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

If the Court accepts the foregoing recommendations, Vinson cannot show that the Court's rulings on the statute of limitations issue is debatable.  I recommend that the Court should rule that Vinson is not entitled to a certificate of appealability.

## IV.     Recommendations

Petitioner Thomas Vinson filed his petition for writ of habeas corpus seven years after the AEDPA statute of limitations expired.  He is not entitled to statutory tolling and has offered no evidence or argument to show his actual innocence.  Moreover, even if the statute of limitations were equitably tolled during the time Vinson claims he was over-medicated, he still cannot show that he filed his petition within the one-year limitations period.  I recommend that the Court

GRANT the warden's motion and DISMISS Vinson's petition.  I further recommend that a certificate of appealability not be issued.


Dated: June 26, 2017

Thomas M. Parker
United States Magistrate Judge

---------------------------------------------

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).