UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ANTHONY VINSON, | ) | CASE NO. 1:16-cv-2122 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| CHARLOTTE JENKENS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Thomas Vinson's objections to the Magistrate Judge's Report and Recommendation ("R & R") recommending dismissal of Vinson's habeas corpus action. Doc. 18, 19. For the following reasons, Vinson's objections are OVERRULED, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and the Court DISMISSES the underlying habeas petition. Doc. 4.

The R & R adequately states the factual and procedural background of this case. Vinson has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I.      STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.    LAW AND ANALYSIS

The Magistrate Judge issued a Report and Recommendation on June 26, 2017, in which he recommended that Vinson's petition be dismissed as untimely. Vinson filed a *pro se* objection to the R&R and claims that his medication prevented him from filing on time and seeks equitable tolling. Further, Vinson acknowledges that "…he believes the [r]eport is well reasoned." Doc. 19. Vinson admits his objections are, "…more in the mode of begging to differ with the conclusion…" Doc. 19. Vinson provides multiple citations to cases and statutes without argument or a specific application to his case.

Even though the Court construes a *pro se* filing liberally, the Court is not required to manufacture objections when they are not stated with specificity. Vinson generally objects to the R&R's conclusion on the grounds of mental competency but does not rebut the R&R's finding of untimeliness, even after the change of his medications. As explained in the R&R, even if the court were to accept Vinson's best case argument that his medicine prevented him from filing until his medication was corrected, Vinson "…still did not file his federal habeas petition within the one-year limitations period once the tolling of the AEDPA limitations period ended.[1]" Doc. 18. Therefore, Vinson's petition is untimely.

---

[1]

> By Vinson's own account, he was properly medicated and, therefore, no longer impeded from pursuing legal action by December 2011. On that date he filed his motion to withdraw his guilty pleas in the trial court. Equitable tolling, therefore, would have ceased at that time. Statutory tolling, however, would have kicked in and stopped Vinson's AEDPA limitations clock from beginning to run while the state post-conviction proceeding was pending. That matter was pending until Vinson's thirty days in which to appeal the trial court's January 24, 2012, denial of the motion expired on February 23, 2012, with no appeal filed. The AEDPA statute of limitations on Vinson's habeas petition then would have started to run the following day, February 24, 2012, and expired one year later, on Monday, February 25, 2013.

Doc. 18 at 13-14 [internal citations omitted].

### III.    Request for Counsel

Although Vinson does not specifically request the assistance of counsel, he does make a reference to needing assistance in order to access his medical files. Because Vinson's motion is untimely, the appointment of counsel would be unable to resuscitate Vinson's legal arguments.

### IV.    Conclusion

Vinson has failed to articulate specific objections to the Magistrate's R&R. Therefore, the Court adopts the Magistrate's Report and Recommendation in its entirety. Petitioner's petition pursuant to 28 U.S.C. § 2254 is DISMISSED.

IT IS SO ORDERED.


DATED:  August 2, 2017               */s/ John R. Adams*_____
                                     Judge John R. Adams
                                     UNITED STATES DISTRICT COURT